UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT DALE STEELE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:16-cv-01645-LJM-MPB |

## ORDER

Petitioner Robert Dale Steele ("Petitioner") and the United States of America (the "Government") have filed a stipulation regarding his motion for relief from the judgment in Petitioner's criminal matter, 1:91-cr-00105-LJM-DKL-1, pursuant to 28 U.S.C. § 2255, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

Petitioner was convicted as a felon in possession under 18 U.S.C. § 922(g)(1). At the time of sentencing, he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to a term of 230 months to be followed by a 5-year term of supervised release; a Judgment and Conviction was entered to that effect on May 8, 1992. The predicate felonies giving rise to Petitioner's status under the ACCA were: (1) burglary in Escambia County, Florida; (2) burglary in Okaloosa County, Florida; (3) burglary in Hillsboro County, Florida; (4) attempted sexual battery in Putnam County, Florida; and (5) burglary in Kokomo County, Indiana. CM/ECF Dkt. No. 8, ¶ 2, and presentence investigation report cited therein.

On June 26, 2015, the United States Supreme Court held the residual clause of the ACCA unconstitutional. *Johnson*, 135 S. Ct. 2551. Subsequently, the U.S. Supreme Court Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court had categorically made retroactive. *Welch*, 136 S. Ct. at 1257.

By stipulation of the parties, Petitioner's burglary convictions relied upon the ACCA residual clause for classification as violent felonies; therefore, Petitioner and the Government further "stipulate that a sufficient number of prior convictions which would account for ACCA status do not exist." Dkt. No. 8, ¶ 4. Moreover, based on the underlying facts of the case and this analysis, the parties agree that the sentence imposed in this case as unconstitutional in that it exceeded the otherwise applicable statutory maximum penalty under 18 U.S.C. § 922(g)(1) of 10 years of incarceration and 3 years of supervised release. Dkt. No. 8, ¶ 6.

Petitioner was release from the Bureau of Prison on October 17, 2016. Dkt. No. However, the 5-year term of supervised release remains unconstitutional; and the parties have stipulated that a sentence of time served and a 3-year term of supervised release is sufficient, but not greater than necessary. Dkt. No. 8, ¶ 6.

The Court agrees that Petitioner's previous sentence was unconstitutional and that a reduction in his term of supervised release is necessary pursuant to *Johnson* and *Welch*. The Court concludes that the parties' stipulation is fair and just under the law and hereby **GRANTS** Petitioner's Motion pursuant to 28 U.S.C. § 2255. Petitioner shall be sentenced to time served to be followed by a 3-year term of supervised release. A

Judgment and Commitment in the associate criminal matter shall be forthcoming. Judgment consistent with this Order shall issue in this matter.

**This Order shall also be entered on the docket in the underlying criminal action,** *United States v. Steele*, **Cause No. 1:91-cr-00105-LJM-DKL-1.**

IT IS SO ORDERED this 12th day of April, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
OFFICE OF THE U.S. ATTORNEY
bob.wood@usdoj.gov

USPO

USMS